UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JUDY BELL,

     Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues CARNIVAL CORPORATION and alleges:

### PRELIMINARY ALLEGATIONS

1.  The Plaintiff, JUDY BELL, is a citizen and resident of the state of Georgia and is otherwise *sui juris*.

2.  Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida.

3.  The court has diversity subject matter jurisdiction because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4.  At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Mardi Gras.*

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Mardi Gras* ("the vessel").

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, *Carnival Mardi Gras*.

9. On or about June 10, 2025, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

10. On or about June 10, 2025, the Plaintiff was dining in the restaurant located on Deck 14 of the vessel. While in the restaurant, smoke began emanating from the galley, causing the vessel's automatic sprinkler system to activate. As a result of the smoke and the activation of the sprinklers, passengers in the area began to panic, causing a chaotic and dangerous situation in which passengers were running and moving frantically throughout the restaurant. While attempting to

LIPCON, MARGULIES & WINKLEMAN, P.A.

exit the area, another passenger, who was running in a disorganized and panicked manner, collided with the Plaintiff, causing her to sustain severe injuries.

11. At the time of the incident, the Plaintiff was lawfully present in the Deck 14 restaurant, having obtained her food and was proceeding to the dressing station when the sprinklers activated. The sudden activation of the sprinklers and the resulting panic among passengers created hazardous conditions in the restaurant area. Passengers began running and moving erratically throughout the area without warning, creating an unreasonably dangerous environment for passengers attempting to safely exit.

12. The subject area was hazardous because, *inter alia*, there were no adequate warnings and/or procedures in place to control and manage passenger movement in the event of a fire-related incident such as a smoke event triggering the sprinkler system. There were no adequate crowd-control measures, no crew members present to direct passenger evacuation in an orderly and safe manner, and no protocols enforced to prevent the dangerous mass movement of panicked passengers in a confined dining area.

13. The aforementioned hazardous and dangerous conditions were not open and obvious and there was nothing the Plaintiff could have done to avoid this incident.

14. Defendant, through its employees and/or agents, had direct responsibility for the safety, maintenance, and management of passenger areas including the Deck 14 restaurant, and for implementing and enforcing appropriate emergency and crowd-control procedures aboard the vessel.

### DEFENDANT'S NOTICE

15. Defendant is aware that incidents in which smoke triggers the vessel's sprinkler system can cause passenger panic and chaotic movement, creating foreseeable dangers for other passengers

LIPCON, MARGULIES & WINKLEMAN, P.A.

aboard the vessel, requiring crew intervention, crowd management, and adequate emergency procedures to ensure passenger safety.

16. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through:

A.  Upon information and belief, Defendant's employees and/or agents were responsible for operating, maintaining, and inspecting the vessel's galley and its associated ventilation and fire suppression systems. Passengers do not have access to the galley or its systems, and the area was regularly accessed and monitored by Defendant's crew during food service operations. The galley crew knew of the growing fire and smoke system for minutes, knowing the fire sprinkle system would be triggered, but did not adequately warn of the foreseeable fire alarm sprinkler system and how to safely exit the subject area. Thus, Defendant should have reasonably known that the galley conditions were creating smoke sufficient to trigger the vessel's sprinkler system in the adjacent passenger dining area and that such an event posed a danger to passengers

B.  Upon information and belief, the activation of the vessel's sprinkler system as a result of galley smoke demonstrates that Defendant was aware that cooking operations in the galley had a tendency to produce smoke sufficient to trigger the fire suppression system. The very existence of a sprinkler system designed to respond to such smoke indicates prior knowledge that galley cooking operations presented a foreseeable fire-related hazard, necessitating measures to ensure such events would not endanger passengers in adjacent

dining areas. This awareness of the foreseeable dangerous condition underscores Defendant's constructive notice of the risk it posed to passengers, including the Plaintiff, and Defendant's duty to eliminate or adequately warn of that hazard.

C. Prior to and/or at the time of Judy's incident, upon information and belief, Defendant's employees and/or crewmembers knew or should have known that once the sprinklers activated in a crowded restaurant area, passengers were likely to become frightened, run, push, and/or move in a chaotic and unsafe manner. Despite the foreseeability of such conduct, Defendant failed to timely implement crowd-control measures, provide adequate instructions, and/or safely manage passenger egress from the area.

D. Pursuant to Defendant's policies and procedures, Defendant's crew did and/or should have monitored the subject restaurant and galley area to identify hazardous conditions, respond to smoke and fire-related events, and safely direct passengers during emergency situations. Had Defendant and/or its crew reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above and taken appropriate measures to prevent passengers from running into one another, but Defendant did not do so.

E. Prior to and/or at the time of Judy's incident, Defendant's employees and/or crewmembers were present in, assigned to, and/or responsible for monitoring the subject restaurant area on Deck 14, including the galley and adjoining passenger food service area, for hazardous and emergency conditions, including smoke, sprinkler activation, passenger panic, and unsafe crowd movement

17. At all times material hereto, Defendant knew of the dangerous condition that caused Plaintiff's injuries, namely, the chaotic and unreasonably dangerous passenger crowd movement

in the subject restaurant area after smoke emanated from the galley and the sprinklers activated, and failed to warn Plaintiff about it, adequately control the area, or take reasonable measures to protect passengers from the foreseeable risk of being struck, knocked down, and injured by other panicked passengers. Alternatively, the condition existed for a sufficient length of time such that Defendant, in the exercise of reasonable care under the circumstances, should have discovered it and taken corrective action. This knowledge was or should have been acquired through Defendant's regular handling, maintenance, inspection, supervision, and operation of the subject restaurant and galley area on Deck 14, including through its crew's response to smoke conditions, sprinkler activation, and passenger movement in a crowded dining area, and/or through prior incidents or complaints involving passengers being caused to fall as a result of dangerous crowd activity, running, or being bumped into by other passengers during shipboard activities. See *Magtalas v. Carnival Corp.*, Case No. 25-cv-23892-JB (S.D. Fla. 2025) (plaintiff was bumped into by another passenger as a result of a crewmember's instructions during a game, causing plaintiff to fall to the ground); *Pioch v. Carnival Corp.*, Case No. 25-cv-21537 (S.D. Fla. 2025) (passengers aboard the *Carnival Venezia* in January 2024 were encouraged to participate in a scavenger hunt in which passengers received points for bringing articles of clothing to the stage as quickly as possible, causing passengers to run and resulting in injury to the plaintiff). In the present case, Plaintiff was in a crowded restaurant area when smoke from the galley triggered the sprinklers, causing passengers to panic and run, at which time another passenger collided with Plaintiff and knocked her down. Under these circumstances, it was reasonably foreseeable to Defendant that smoke, sprinkler activation, inadequate crowd control, and/or a failure to safely direct passengers in a crowded area could cause passengers to run into one another and cause injury, as occurred here.

18. As a result of the negligence of Defendant, its vessel, and/or crew, Plaintiff sustained serious, permanent, and debilitating injuries.

### COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though originally alleged herein.

19. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

21. On or about June 10, 2025, the Plaintiff was dining in the restaurant on Deck 14 of the vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

22. On or about June 10, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to adequately warn passengers and the Plaintiff of the dangers posed by the activation of the vessel's sprinkler system and the resulting mass passenger panic in the Deck 14 restaurant;

    b. Failure to adequately warn passengers and the Plaintiff of the risks and/or dangers posed by the uncontrolled and panicked movement of passengers following a smoke event from the galley;

    c. Failure to adequately warn passengers and the Plaintiff of the existence of hazardous conditions created by the activation of the sprinkler system and the ensuing crowd panic;

d.  Failure to post adequate and reasonable warnings or implement emergency protocols to alert Plaintiff and other passengers to remain calm and evacuate in an orderly fashion;

e.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff were warned of the danger posed by uncontrolled passenger movement during emergency events aboard the vessel;

f.  Failure to adequately warn Plaintiff and passengers of other similar incidents involving passenger collisions during emergency events triggered by galley smoke or fire suppression system activations aboard the vessel; and/or

g.  Other acts and omissions that are revealed through discovery.

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been struck by another passenger had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

24. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's regular handling, maintenance, inspection, and/or supervision of the vessel's galley areas, fire suppression systems, and crowd management protocols, and/or through prior incidents or complaints involving the activation of sprinkler systems, passenger panic, and resulting injuries aboard the vessel or similar vessels in Defendant's fleet. *See* infra ¶¶ 17-18.

25.  As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom,

incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury trial.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though originally alleged herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the Deck 14 restaurant and its galley systems, in a reasonably safe condition.

28. On or about June 10, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately maintain the galley and associated cooking areas free of conditions that would cause smoke to trigger the vessel's fire suppression and sprinkler systems in a populated dining area;

   b. Failure to adequately inspect, clean and/or maintain the kitchen galley so as to avoid fires and/or smoke that would trigger the fire sprinkler system that foreseeably causes chaos and hazardous conditions to passengers;

   c. Failure to properly and adequately maintain the vessel's galley ventilation systems and fire-safety equipment to prevent unintended sprinkler activations in passenger areas;

d.  Failure to adequately, timely, and regularly inspect and maintain the Deck 14 restaurant and galley in a reasonably safe condition so as to prevent the creation of dangerous conditions for passengers;

e.  Failure to maintain and enforce adequate crowd management and emergency response procedures for the restaurant area in the event of a sprinkler activation or other emergency event;

f.  Failure to adequately maintain the crowd management in the dining room when the fire sprinkler system was triggered so as to avoid a chaotic and hazardous environment;

g.  Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the vessel's dining and galley areas in a reasonably safe condition; and/or

h.  Other acts and omissions that are revealed through discovery.

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area and its associated systems.

30. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  This knowledge was or should have been acquired through Defendant's regular handling, maintenance, inspection, and/or supervision of the vessel's galley areas, fire suppression systems, and crowd management protocols, and/or through prior incidents or complaints involving the activation of sprinkler systems, passenger panic, and resulting injuries aboard the vessel or similar vessels in Defendant's fleet. *See* infra ¶¶ 17-18.

31. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired.  The injuries are permanent or

continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury trial.

### COUNT III – NEGLIGENT DESIGN AGAINST DEFENDANT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through nineteen (19) as though originally alleged herein.

32. At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. On or about June 10, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following ways:

a. Failure to adequately design the Deck 14 restaurant and adjacent galley areas to prevent smoke from the galley from triggering the sprinkler systems in the dining area and creating a hazardous condition for passengers;

b. Failure to adequately design the vessel's fire suppression and sprinkler systems with appropriate safeguards to prevent unintended activation in passenger dining areas as a result of cooking smoke from the galley;

c. Failure to adequately design the Deck 14 restaurant with proper emergency egress, crowd management features, and clear evacuation routes sufficient to allow passengers to exit safely without risk of collision during an emergency event;

d. Failure to adequately design the vessel's emergency response systems and protocols to account for the foreseeable danger of mass passenger panic following an automatic sprinkler activation in a crowded dining area;

e. Failure to test and adequately evaluate the design of the galley-to-dining area ventilation and fire suppression systems in light of the foreseeable risk of smoke-triggered sprinkler activations during normal onboard food service operations; and/or

f. Other acts and omissions that are revealed through discovery.

34. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately design a reasonably safe dining environment and associated fire suppression system for passenger use.

35. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. This knowledge was or should have been acquired through Defendant's regular handling, maintenance, inspection, and/or supervision of the vessel's galley areas, fire suppression systems, and crowd management protocols, and/or through prior incidents or complaints involving the activation of sprinkler systems, passenger panic, and resulting injuries aboard the vessel or similar vessels in Defendant's fleet. See infra ¶¶ 17-18.

36. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury trial.

## COUNT IV –NEGLIGENCE AGAINST DEFENDANT FOR CONDUCT OF ITS CREWMEMBER(S) BASED ON A THEORY OF VICARIOUS LIABILITY

### (*Respondeat Superior*)

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one

(1) through sixteen (16) subpart a-c; (16 (a)-(c)) as though alleged originally herein.

37. At all times material hereto, it was the duty of Defendant's Maitre'D assigned to and/or responsible for the Deck 14 restaurant area to provide Plaintiff with reasonable care under the circumstances.

38. At all times material hereto, the Maitre'D assigned to and/or responsible for the Deck 14 restaurant area was an agent, servant, and/or employee of Defendant.

39. At all times material hereto, the Maitre'D was acting within the scope of his employment.

40. Defendant, as the employer of the subject Maitre'D, is vicariously liable for any and all damages resulting from the negligent acts of the subject crew member while acting within the scope of employment under the doctrine of *respondeat superior*.[1]

41. Defendant, as the employer of the subject crewmember, is vicariously liable for any and all damages resulting from the negligent acts of the Maitre'D member regardless of whether Plaintiff can show that Defendant had actual or constructive notice of the subject condition that caused Plaintiff's injuries. [2]

42. On or about June 10, 2025, Defendant's Maitre'D negligently failed to properly manage, supervise, direct, and/or control the Deck 14 restaurant area after smoke was emitted from the galley and the vessel's fire suppression and/or sprinkler systems activated, resulting in passenger panic and the dangerous, uncontrolled movement of passengers, which directly caused Plaintiff's injuries.

43. On or about June 10, 2025, Defendant's Maitre'D breached his duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions, for which Defendant is vicariously liable:

---

[1] *See. Yusko v. NCL* (Bahamas), Ltd., 4 F.4th 1164, 1169 (11th Cir. 2021)
[2] *See. Id*. at 1164, 1170 (11th Cir. 2021)

a.  Failure to properly operate the galley so as to prevent smoke from triggering the vessel's sprinkler system in a crowded passenger dining area;

b.  Failure to respond in a timely and effective manner to the activation of the sprinkler system to prevent or mitigate the resulting passenger panic;

c.  Failure to manage and control the movement of panicking passengers in the Deck 14 restaurant following the sprinkler activation so as to prevent passenger collisions and injuries;

d.  Failure to direct and assist passengers in evacuating the Deck 14 restaurant in an orderly and safe manner following the incident.

44. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant's Maitre'D adequately remedied the subject hazardous condition(s) and/or warned and/or communicated the foregoing to the Plaintiff.

45. As a direct and proximate result of the negligence of Defendant's Maitre'D, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and loss of future earning capacity. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

## COUNT V– GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though originally alleged herein.

46. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

47. On or about June 10, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to provide a reasonably safe dining environment in light of the foreseeable risks associated with galley smoke triggering the vessel's sprinkler system in the Deck 14 restaurant area;

    b. Failure to identify and remedy the dangerous and/or hazardous condition(s) involving the risk of galley smoke activating the sprinkler system and causing passenger panic and injury before the incident occurred;

    c. Failure to provide adequate crowd management and emergency response procedures in the Deck 14 restaurant in the event of a fire suppression system activation;

    d. Failure to adequately close off, control, or manage the movement of passengers in the Deck 14 restaurant area to keep passengers, including Plaintiff, safe from the hazardous conditions created by the sprinkler activation and resulting panic;

    e. Failure to correct hazardous conditions following prior incidents or known risks involving galley smoke, sprinkler activations, passenger panic, and resulting passenger injuries aboard the vessel or similar vessels in Defendant's fleet.

48. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

49. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. This knowledge was or should have been acquired through Defendant's regular handling, maintenance, inspection, and/or supervision of the vessel's galley areas, fire suppression systems, and crowd management protocols, and/or through prior incidents

LIPCON, MARGULIES & WINKLEMAN, P.A.

or complaints involving the activation of sprinkler systems, passenger panic, and resulting injuries aboard the vessel or similar vessels in Defendant's fleet. *See infra* ¶¶ 17-18.

50. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury trial.

Dated: May 28, 2026                              Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd.
Suite 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Nicolas H. Lipcon*
   **NICOLAS H. LIPCON**
   Florida Bar No. 1058833
   nlipcon@lipcon.com